IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL ALFARO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 322-049 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent moves to dismiss the petition. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 6), the petition be **DISMISSED** without prejudice, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

**I.     BACKGROUND**

Petitioner, currently serving a federal sentence at McCrae Correctional Institute in McRae-Helena, Georgia, filed the instant § 2241 habeas petition, arguing he should be eligible for an earlier release date by receiving earned time credits under the First Step Act and having the opportunity to participate in rehabilitative programs such as the Residential Drug Abuse Program ("RDAP") that are available at Bureau of Prison ("BOP") facilities. (See generally doc. no. 1.) Respondent moves to dismiss, arguing Petitioner has not exhausted his administrative remedies. (Doc. no. 6.)

II.     DISCUSSION

1.      The Exhaustion Requirement

Prisoners seeking habeas relief, including relief pursuant to § 2241, have long been subject to administrative exhaustion requirements. Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016) (*per curiam*); Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995). Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." Santiago-Lugo, 785 F.3d at 474-75; see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) (*per curiam*) (same). Indeed, as the Supreme Court has explained, "Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Moreover, courts have followed a general rule not to "topple over administrative decisions unless the administrative body not only has erred, *but has erred against objection made at the time appropriate under its practice*." Id. (emphasis in original). Therefore, "[i]n order to properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules." Davis, 661 F. App'x at 562.

The Federal Bureau of Prisons ("BOP") "has established regulations governing formal review of inmate complaints relating to any aspect of imprisonment," codified in 28 C.F.R. § 542.10 *et seq.*; United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) (*per curiam*). The regulations require an inmate to first attempt informal resolution of the issue according to

2

that BOP facility's informal resolution and complaint process. 28 C.F.R. § 542.13. If the issue remains, the inmate must file a formal written Administrative Remedy Request with the Warden. Id. § 542.14. After the Warden responds, the inmate may appeal to the BOP Regional Director, and may appeal the Regional Director's decision to the BOP General Counsel. Id. § 542.15. If an inmate does not receive a response to any request or appeal within the time allowed for a response, the inmate is to treat the lack of response as a denial of the request or appeal. Id. § 542.18. An inmate has only exhausted the administrative remedies process after conclusion of the appeal to the BOP General Counsel. Davis, 661 F. App'x at 562.

The same exhaustion requirement applies to private prisons not operated by the BOP, such as McRae Correctional Institute. See Pri-Har v. Corr. Corp. of Am., 154 F. App'x 886, 887-88 (11th Cir. 2005) (*per curiam*). Similar to the process outlined above, inmates at McRae must (1) file a grievance locally with the Warden in accordance with McRae's grievance procedures, (2) appeal the Warden's decision to the Administrator of the BOP's Privatization Management Branch, and (3) appeal the Administrator's decision to the BOP General Counsel. (Doc. no. 6-1, Ward Decl. ¶¶ 9-11); see Figueras v. Johns, No. 5:17-CV-12, 2017 WL 4227393, at *4 (S.D. Ga. Sept. 20, 2017) (noting inmates at private prison must appeal to Privatization Management Branch and BOP General Counsel), *adopted by*, 2017 WL 5197019 (S.D. Ga. Nov. 9, 2017). If an inmate files an administrative remedy concerning a BOP-related matter, the request will be recorded in the BOP's SENTRY computer database. (Ward Decl. ¶¶ 13-14.)

2. **Petitioner Has Not Exhausted Available Administrative Remedies**

Where, as here, Respondent has filed a motion to dismiss based on failure to exhaust administrative remedies, the Eleventh Circuit has laid out a two-step process for courts to use

3

in resolving such motions. First, the Court looks to the factual allegations made by both parties, taking the petitioner's version as true where they conflict, and if in that light the petition is subject to dismissal for failure to exhaust the full administrative remedies process, the respondent's motion will be granted. Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citing Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citations omitted))[1].

If the petition is not subject to dismissal at the first step, then at step two the Court makes specific findings to resolve the disputed factual issues, with Respondent bearing the burden of proving Petitioner has failed to exhaust his administrative remedies. Id. Based on its findings as to the disputed factual issues, the Court determines whether the prisoner has exhausted his available administrative remedies and thus whether the motion to dismiss should be granted. Id. Because exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376.

Here, there is no dispute Petitioner did not exhaust his administrative remedies. With his motion to dismiss, Respondent has attached a declaration by Kimberly Ward, a Senior Secure Institution Manager at the BOP, which includes a review of the SENTRY database for administrative remedy requests filed by Petitioner. The declaration and attachments show Petitioner never submitted any formal administrative remedy requests during his time at McRae Correctional Institute. (Ward Decl. ¶ 12-14 & attach. 5.) Petitioner concedes he did

---

[1] Although Turner involved exhaustion requirements within the context of a 42 U.S.C. § 1983 action, it is also applicable to a § 2241 proceeding. See Blevins v. FCI Hazelton Warden, 819 F. App'x 853, 856 (11th Cir. 2020) (*per curiam*) (applying Turner to a § 2241 proceeding).

not exhaust administrative remedies in his petition. (See doc. no. 1, p. 2). Rather, Petitioner relies on out-of-circuit, nonbinding precedent to argue exhaustion was not required due to futility.

### 3. Futility Does Not Excuse Exhaustion

Prior to the Eleventh Circuit deciding exhaustion is not a jurisdictional requirement in § 2241 cases, there was a suggestion of a possible futility exception to the exhaustion requirement. See Jaimes v. United States, 168 F. App'x. 356, 359 & n.4 (11th Cir. 2006) (*per curiam*) (questioning whether futility exception exists). However, more recent Eleventh Circuit precedent clarifies that all § 2241 petitioners must comply with the requirement of administrative exhaustion. Fleming, 631 F. App'x at 842; Santiago-Lugo, 785 F.3d at 474-75; see also Moore v. Colon, Case No. 20-22032-CV-GAYLES, 2020 WL 5868179, at *3-4 (S.D. Fla. July 27, 2020) (collecting cases requiring exhaustion of administrative remedies before bringing § 2241 petition), *adopted by*, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020); see also Johnson v. Florida, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (requiring state prisoner to exhaust all available state remedies prior to seeking relief under § 2241, rejecting futility argument, and affirming dismissal of claims for failure to exhaust).

This Court has consistently recognized that futility does not excuse exhaustion. See Viera v. Dunbar, Civ. Act. No. 2:21-CV-79, 2022 WL 2376618, at *4 (S.D. Ga. June 7, 2022) ("It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate") (citing Higginbottom v. Carter, 223 F.3d 1259, 1261) (11th Cir. 2000) and Varner v. Shepard, 11 F.4th 1252, 1264 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1172 (2022)), *adopted by*, 2022 WL 2374387 (S.D. Ga. June 30, 2022); Mena v. Garrett, Civ. Act. No. 2:19-cv-124, 2020 WL 5245225, at *4 (S.D. Ga. Aug. 13, 2020) (explaining

petitioner must exhaust even though BOP will likely reject his constitutional claims), *adopted by*, 2020 WL 5245125 (S.D. Ga. Sept. 2, 2020); see also Colon, 2020 WL 5868179, at *4 (agreeing court's role is not to consider futility of administrative remedies).

Furthermore, courts considering the issue of calculation of time credits under the First Step Act have enforced exhaustion requirements and rejected futility arguments. See Viera, 2022 WL 2376618, at *4 and n.4 (requiring petitioner to administratively exhaust First Step Act earned time credits claim despite perceived futility); Richards v. Dunbar, Civ. Act. No. 2:21-cv-69, 2022 WL 2375182, at *3-4 (S.D. Ga. June 8, 2022) (same)), *adopted by*, 2022 WL 2374386 (S.D. Ga. June 30, 2022); Perez v. Joseph, Case No. 3:22cv2055-MCR-HTC, 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) (same), *adopted by*, 2022 WL 2176505 (N.D. Fla. June 15, 2022). Even if a futility exception existed, Petitioner has not shown any extraordinary circumstances warranting application of such. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (noting futility exception only available in "extraordinary circumstances," and requires the petitioner to "bear[] the burden of demonstrating the futility of administrative review.") (*per curiam*).

Because Petitioner has not exhausted all available administrative remedies prior to filing this case, his petition should be dismissed without prejudice. Because the petition should be dismissed based on lack of exhaustion, the Court need not address the alternative grounds for dismissal raised by Respondent. Holdago v. United States, Civ. Act. No. 5:19-cv-9, 2019 WL 5681217, at *3 (S.D. Ga. Oct. 31, 2019), *adopted by*, 2019 WL 635869 (S.D. Ga. Nov. 26, 2019).

### III.   CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 6), the petition be **DISMISSED** without prejudice, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED AND RECOMMENDED this 13th day of September, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA